Alex Medebra from the Federal Public Defender's Office in Nevada on behalf of Pellet Zone. Your Honor, the issue is whether the sham or tool exception to successive state and federal prosecutions as outlined in Barkas v. Illinois should be applied or any alternative should there have been allowed additional limited discovery. First, let me concede, as was done in the briefs, that the defect in my argument is that the two offense do not meet the strict Blockberger elemental analysis test. And we laid that out. However, what we... Isn't that pretty much the end of your case, then? If you don't have completely overlapping offenses, can you really have a... Does Barkas even come into play? Your Honor, of course, that is the problem with my argument. However, I would argue the court, as was argued in the briefs, that maybe a relaxed standard should be applied based on the facts of this case in terms of what happened. It just doesn't seem right. Okay. Well, here's the problem I have with that, is that let's say that these two charges have been brought by the same sovereign. Would there be a double jeopardy problem? No, Your Honor. So why is it a double jeopardy problem if you're saying one sovereign dominated the other to the point of bringing it itself? Well, what concerns me is if the sequence of events leads to an inference of collusion. An arrest occurred in December 2001. Let's say there was collusion. Let's assume that you prove everything you set out to prove. Okay? Let's give you every fact you want. What do you have then? Your Honor, what I believe we have is the government obtaining an admission in state court that can be used in federal court. The way they went about it is getting two separate charges, gets them out of the elemental analysis test, and it's a dangerous, slippery slope. We have an individual who, as outlined, I know the courts have read, is basically arrested in 2001, task force begins meeting state and federal task force. Let's say the state does this. Let's say the state has a transaction very much like that involving a client, and it decides to charge him with only a minor crime. Was it carrying a concealed weapon? The ex-felon was dismissed. Well, no, let's say they don't dismiss him. I mean, let's just say that's all they charge him with. And he says, okay, well, I'll plead guilty to that, and he gets a good deal. And then the state, no federal government involved, the state comes back and says, no, you know what, we have now figured out that you were not only carrying a concealed weapon, but you were also a felon at the time. And so you were carrying a weapon as a felon in possession of a weapon, and we're going to use your guilty plea in the earlier case as a judicial admission. Is that – would that – would there be anything – I mean, it might be a little unsavory, but would there be anything constitutionally wrong with that? No, Your Honor, I believe that's a different scenario, though, than what we are arguing from the agency perspective. Well, it's obviously a slightly different scenario. That's why that's a hypothetical, but I am wondering, why is it materially different? Because you don't have the collusion elements that we allege. You don't need collusion. You have the same person. It's like saying you don't need – it's like saying you don't have – if one person does it, so you don't have a conspiracy. Well, you don't need a conspiracy. It's the same sovereign. The same sovereign uses exactly the same ploy. They don't have to collude. They do it deliberately. Well, what concerns me is, as they outlined in Barkas, is if you have one sovereign manipulating the prosecutorial machinery, and that's where the inference from the sequence of events, and that's basically the troubling aspect of the case. Now, Barkas isn't very strong. It's just stray dicted by Judge Frankfurt. Unfortunately, we raised it in this circuit. But Judge – in Judge Noonan's opinion, he, I think, put it in proper place that you've got to show a real sham or a conspiracy. What's – I mean, they cooperate all the time. And the cooperation is okay, Your Honor. For 25 years. In the case that we recognize that the mail was in both sides of the camp, but we do that all the time now. We cross – the federal court cross-designates state and federal prosecutors. They prosecute on both sides. We've been doing it for 25 years. What's wrong with that? And in a general sense, you're correct, Your Honor. The concern I have is – and the reason we're – what we're really requesting is just limited discovery. If they would show us that there wasn't a meeting between April 1st and April 16th that said, let's get them an admission here in state court, we can use it in feds, and we get around the elemental test. If none of that collusion occurred, we have no argument. If I'm sitting there as a district judge, I won't hold a hearing unless somebody shows me an affidavit that there's something to go. You're just saying I want to go fishing. Well, Your Honor, I believe based on the sequence of events, it raises an inference, which the only other thing we can look at, because there's no other thing we can look at besides what was the decision-making process. And that's the limited discovery we ask. If it comes out they didn't discuss it, as the government alleges that they did not, I believe, know about this, and the reason they federally prosecuted it was because a palm print matched in July of 2002. The problem I have, at some point someone discussed this case, and it was referred federal. I think it was – I would argue it referred federal before that, and they were just continuing an investigation. So that's the problem I have. In a general sense, yes, they can cooperate.  It's just the sequence of events. Does Nevada have a NOLO plea? Excuse me, Your Honor? Does Nevada have a NOLO plea? I believe so, Your Honor. And if he had entered a NOLO plea in the state charge, would that have – I know NOLO pleas are not usable in civil proceedings, but I don't know what – I would argue that would diminish my argument. I would submit that it would. It would probably diminish the argument anyway, because if a NOLO plea would have gotten him out of his bind, then this is one of the situations where the defendant has a way to avoid this problem by not pleading guilty, pleading NOLO. Well, Your Honor, and from the defendant's perspective, he enters a plea. He was charged with ex felon at that time in state court, too. That was dismissed. From his perspective, he thought it was over. Now, we don't know when they made the decision-making process, and again, that's why I'm asking for limited discovery, is that what was discussed in terms of offering this plea in state court? And it's very easily remedied if we just had to limit it to this case only, if we had discovery. If it wasn't discussed, then there is no argument. But if we credit your argument, what does that do to the – all of the federal state task forces, drug and otherwise, that are – I mean, it seems to me what you're saying, that in every single case, we're going to allow discovery as to what those task forces are doing if there are charges filed in both courts, right? No, Your Honor. Only if the sequence of events – and I've been a trial attorney in Las Vegas for 12 years, and I haven't had this sequence of events in terms of – so it happens in a limited number of cases. And I understand we don't want a broad rule where anyone can go and ask for all these documents every time because numerous cases are referred from state to federal according to task force. But if you have a sequence of events that's very troubling, the way we have the sequence of events, in this limited instance, I would ask for limited discovery. If we accept your position, what type of showing would we require before we would hold a hearing? That is, the district court has to have some guidance. What type of showing would you have? What sort of an affidavit would you have to have to have the type of hearing you'd like to have? Your Honor, again, the showing that I have in this case is just a sequence of events. So all you'd have is an affidavit from you outlining a sequence of events, no meeting. I'm assuming before the case went from state to federal, someone discussed it, someone gave the opinion. I'm assuming. But you – what you're telling us is that without any indication that there was a meeting, any showing of any type there was a meeting, let alone what was discussed in the meeting, you'd want to have an evidentiary hearing. Well, I'm going to catch 22 because then there's – I can't get the information from the state and federal task force. All I can rely on, as was submitted, I think, by the government in the excerpt, that there were articles that talked about the task force, that talked about they're going to have weekly meetings to discuss gun cases, transfer from state to federal to get stiffer sentences. That was to begin on April 1st. That's the information I could get my hands on. Okay. So that every time an attorney can say they have weekly meetings about transfer, they're entitled to an evidentiary hearing. Your Honor, I understand that's a broad stroke. I think that's what you're asking for. I mean, you say it's limited, but I don't see the limitation. If you don't have to show in fact there was a meeting or what was discussed at the meeting, if all you have to show is that they have a policy of having weekly meetings where they discuss this, I'd be surprised to find out that there's any federal state task force, any place in the Ninth Circuit that doesn't have meetings. The dilemma I have is how can I show that without the information? Well, I'm asking you for your position. Well, my position is, yes, I need that information to take the next step. So every other defendant does too. If they have a situation and a scenario as similar with the sequence of events that would lead a person to believe that there may be collusion or a sham. Thank you. Thank you, Your Honor. Good morning, Your Honors. I'm Kathleen Bliss, assistant United States attorney. Your Honors, no matter how you turn or shake or twist defendants' propositions, his appeal must tumble down the hill of meritlessness. If we have two sovereigns here, there can be shown no sham. Are you going to just repeat what you said in your brief? Excuse me? Is there anything that was raised in the opening argument that is not adequately covered in your brief? No, sir, there's not. And so if there are no questions, I'll sit down. I just have one question. What do you think the contours of Barkas are? I mean, it seems to me people say what it's not, but in this era of joint state-federal task force and prosecutions, what do you think Barkas means? I've thought about that a lot. I thought there may be a question raised about what is proof of the sham prosecution or what is manipulation. I think what we have to do is in Barkas there is a discussion of an older case called Bernhardt, and I think it pretty much lays out what the sham was, and that was for the prosecution of some white men who had killed an Indian in Indian country. The state proceeded and prosecuted knowing that there would not be a conviction. That was considered a sham because there wasn't a conviction. If we look at the manipulation aspect, really Barkas makes it almost impossible. There's a survey of cases by a Texas federal court, I think it's Angleton, and it's surveyed, and there really have been no cases where there was such a manipulation. I think that is an interesting case. But this circuit's Bernhardt decision is also instructive. There was some troubling aspects of that case. Nonetheless, no manipulation, at least on the record, was found. I think the final point I want to make about that that stems I think a little raggedy from your question is on the discovery issue. And I think Bernhardt, the 87 case by the circuit, answers that very well. This is the district court's discretion as to whether or not to even hold a hearing. Yes, but we send it back in Bernhardt for a discussion, for an evidentiary hearing. Your Honor, that still is left by the circuit. At the end of the decision, the circuit leaves that with the district judge to decide whether or not a hearing is necessary. And a Second Circuit case is also cited there. You can also look at the Fifth Circuit cases where they've, in one decision, Patterson, they have allowed an in-camera proceeding where the district court held that. But even the district court in Patterson had said, I don't think this was necessary. It was an abundance of caution. And there was really no direction by the Fifth Circuit requiring such a hearing. Well, going back to Bernhardt said, we conclude, however, that it is possible that the involvement of federal authorities, once the decision was made possible, may be sufficient. And then he says it isn't like there were several U.S. attorneys, so it wasn't one all the time, but it did send it back. And in that case, both sides requested an evidentiary hearing, so that may be different. But I'm a little troubled by if it's possible. Anything is possible. And I think that Judge Noonan's opinion perhaps puts some brakes on that. But still, that terrible dicta that I call terrible dicta because I don't think any dicta is good, so that makes it, for a definition of me, it's terrible, that Justice Frankfurter foisted on us now has come back to roost. If all you have to show is possible, then it seems to me that we're going to have a lot of evidentiary hearings. If you were writing this decision, say we're going to publish a decision now to kind of give some guidance to the district court, what would you say is the showing that needs to be made before there's an evidentiary hearing when there's a charge of sham or cover-up? I would say there has to be a prima facie showing by a defendant of manipulation by the Federal Government. Would you first have to show double jeopardy? There would be double jeopardy if you proved your case. Absolutely. Wouldn't that be the first step? We'd go right back to that. Isn't that the first step? That is the first step. And if you fail on that step, is there any place else you'd go? There's no place else. I thought that was your position. That is my position. Right. It has to be. And you stop. You start even in Bartkus. Well, what you're saying is that you're going to rid yourself of that dicta by just saying if you don't show double jeopardy, we're not going to hear you. If you show double jeopardy, it doesn't make any difference anyway because you're out. But suppose you have to make a showing of some type of sham, what would you have to put in? What would the defense lawyer have to put in the affidavit, A, B, C? That the two entities merged into one, the two sovereigns merged into one, a showing of manipulation. You're telling me the end conclusion. He has to allege facts. What facts would he have to allege? Well, we know that coordination is great. We know that cross designation is good. We know that you can use the sentencing guidelines to cause State witnesses to cooperate with the Federal Government. We know that that's satisfactory. We also know that there can be cross designation. I understand all that. The question is if we're going to require a showing, what troubles me is how do you ever make a showing? What facts would the defendant or defendant lawyer know that he could allege to the trial court so the trial court say we're going to have a hearing? He doesn't know anything. It's all in the government. What could he allege? I'm assuming that there can be a hearing based on sham because we said there is one and we sent one case back down for a hearing. What troubles me is I don't have a clue as to how a district court sitting in one of our districts would understand that we're compelling a hearing, what the showing would have to be factually to do that other than supposition. They get together every week so I want to find out what's going on. Now, there's not many district courts that are going to grant a hearing on that basis. So how do we make some sense out of the two cases we have in the court? I don't know. Because Barkus makes it almost impossible to show a sham or manipulated prosecution. Okay. I'm glad that you're as confused about this as I am. One aspect of it, and I don't think it fits neatly into Barkus at all, but one aspect of federal state prosecutions that I've heard district judges complain about, not from Nevada but from other places, is that manipulation in this sense, that they decide where they're going to prosecute and they send in the officers to interview so they don't have to disclose in whatever jurisdiction they're going to bring the charges. So there's a manipulation of the disclosure that might be due under various jurisdictional rules by how they do that. But I don't know if that fits into Barkus or how you get to that discovery. Thank you. Thank you. The case is argued. We'll stand submitted. We'll next hear argument in United States v. Burton.
judges: Wallace, Kozinski, Thomas